Rockingham, }
March 1, 1938. }

ALBERT J. CROOK, *by his father and next friend,* ALBERT W. CROOK

*v.*

ERWIN T. PARKHURST.

*William H. Sleeper* (by brief and orally), for the plaintiff.

*McLane, Davis & Carleton (Mr. Carleton* orally), for the defendant.

BRANCH, J. Upon May 10, 1936, the plaintiff, Albert J. Crook, then a boy eight years old, coasted in a cart down a private driveway

on his father's land onto the edge of a public highway in the town of Newmarket, where the cart was struck by the defendant's automobile and the plaintiff's leg was broken. The defendant's exceptions to the denial of his motions for a nonsuit and a directed verdict are the only ones which have been argued in this court. All others were expressly waived at the time of oral argument.

Four claims of negligence are asserted by the plaintiff, namely, (1) failure of the defendant to turn to the left after discovering the plaintiff's danger; (2) failure to keep a proper lookout ahead; (3) excessive speed; (4) failure of the defendant to sound his horn. Whether a verdict could be sustained upon the first, third or fourth grounds above set forth, appears to be extremely doubtful but need not be decided at this time, since we are of the opinion that the jury's finding of negligence is sustainable upon the second ground. Viewed in the light most favorable to the plaintiff, the evidence disclosed the following facts. For at least a quarter of a mile before reaching the scene of the accident, the defendant was traveling along a straight country road with a gravel surface. The driveway in question entered this road from his right. The defendant was familiar with the road in a general way but there was no evidence of anything in his past experience to charge him with actual knowledge of the existence of the driveway or with knowledge that unusual danger was to be expected at this point. He approached the point of collision at a speed which was conceded to be 25 miles per hour, but which the plaintiff claimed to be in excess of 35 miles per hour.

The view of the driveway from the direction in which the defendant approached was somewhat obscured by a scattered growth of bushes, but the importance of this obstruction was minimized by the fact that the leaves on the bushes were only slightly developed at the time of the accident. There was evidence that the plaintiff's cart would be visible when it reached a point 10 feet from the road, to the driver of an automobile 150 feet away and would continue within his range of vision until it reached the road. The surface of the driveway at the time of the accident was somewhat uneven and overgrown with grass, so that the cart approached the highway at a very slow speed. From the testimony of the plaintiff at the trial and the way in which he illustrated the speed of his cart, it might be found to be about two miles per hour. At this speed it would take the cart between 3 and 4 seconds to traverse the last 10 feet before reaching the road. If the defendant was approaching at a speed of 30 miles per hour, he would, upon this assumption, have been more than

135 feet from the point of collision at the time when the cart came in sight and the cart would have been within his range of vision for all the remaining time before the accident occurred. The defendant testified that he did not, in fact, see the cart until he was within 15 or 20 feet and that it was then impossible for him to avoid the collision. Under these circumstances a conclusion that a reasonably vigilant driver would sooner have discovered the approach of the cart and taken measures to avoid an accident was not unwarranted.

One reason advanced by the defendant to account for his failure to discover the presence of the plaintiff at an earlier time was that when about 75 feet away from the point of collision he took the occasion to look at the ammeter and oil gauge of his car. It is now argued that he could not be found to have been negligent in observing these instruments in order to assure himself that his car was functioning properly. We are inclined to agree with this contention, but the jury was not bound to believe the defendant's testimony, and, if believed, it might be regarded as furnishing only a partial and inadequate explanation for his failure to see an object which would have been within his range of vision if he had kept an otherwise vigilant lookout ahead.

From the foregoing considerations it follows that the defendant's motions were properly denied and the order should now be

*Judgment on the verdict.*

All concurred.